[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, the Town of Brooklyn and its first selectman, Donald Francis, move for summary judgment as to all three counts of the complaint brought by the plaintiff, Betty Baker, alleging CT Page 13207 wrongful constructive discharge, retaliatory discharge under G.S. § 31-51g, and negligent infliction of emotional distress, respectively.
 I
As to the first count, which claims that the plaintiff was constructively discharged by the defendants, the affidavit to and other documents submitted in support of the motion disclose that the plaintiff was employed by the town as a part-time bookkeeper. In January 1996, the plaintiff requested to expand her work hours to a full-time status. On March 5, 1996, Francis recommended that her request be approved and proposed a plan to shift municipal funds to cover the increase in wages and benefits.
His proposal was approved by the Brooklyn board of selectmen. On March 20, 1996, Francis submitted the plan to the Brooklyn board of finance. Some time in May 1996, the board of finance rejected the proposal. On June 20, 1996, the plaintiff sent a letter to the chairman of the Brooklyn board of ethics complaining that Francis was penalizing her and other town employees because of their political viewpoints.
The plaintiff submitted no affidavits or other documentary evidence which contradict the information supplied by the defendants. Under P.B. § 17-49, summary judgment is rendered if the pleadings, affidavits, and other proof submitted demonstrate that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law,Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24 (1999). The court views the evidence most favorable to the nonmovant, and the movant has the burden of showing an absence of genuine factual dispute, Id. Once that burden is met by the movant, the opponent of the motion must provide an evidentiary foundation to show a genuine dispute exists by the submission of affidavits or other proof contradicting some material point, Id.
The only specific allegation in the first count regarding constructive discharge is contained in paragraph 8, which avers that as a part of Francis' harassment of the plaintiff he refused to honor her request to increase her hours of work. The uncontroverted evidence submitted is that Francis recommended approval of the plaintiff's request, voted for approval, and devised a plan which he submitted to the board of finance to pay CT Page 13208 for her added hours and benefits. The board of finance disapproved the proposal for fiscal reasons unrelated to the plaintiff's political sentiments. The defendants have met their burden of demonstrating that no genuine issue of fact exists and that they are entitled to judgment as a matter of law.
Constructive discharge occurs when an employer makes an employee's working conditions so difficult and intolerable that any reasonable person would feel compelled to quit, Appleton v.Board of Education, 53 Conn. App. 252, 261 (1999). Such a claim cannot be based merely on an employee's subjective opinion, but must be based on the objective fact of intolerable work conditions, Id. In the present case, although the plaintiff claims she was forced to resign, the uncontroverted facts as disclosed by the evidence submitted reveals otherwise.
Summary judgment is granted for the defendants on the first count.
 II
Count two alleges retaliatory discharge, in violation of § 31-51q, based on the plaintiff's exercise of her constitutional right to free speech. The evidence submitted shows no genuine issue of fact that the plaintiff exercised her right to speak freely in a letter dated June 20, 1996. This was about one month after the board of finance disapproved her request to work full time. Francis never retaliated against the plaintiff for this letter because he never knew of it until this action was initiated. His affidavit denies engaging in any harassment or mistreatment of the plaintiff. The plaintiff offered no affidavit or other evidence to contradict this denial.
Section 31-51q imposes employer liability only when the employer "subjects any employee to discipline or discharge" for exercising free speech. In this case, there is no genuine issue of fact regarding the absence of discipline or discharge by the employer.
Summary judgment is granted for the defendants as to this count, also.
 III
In the third count of the complaint, the plaintiff alleges CT Page 13209 that Francis negligently inflicted severe, emotional distress upon the plaintiff. No specifics are recited. Francis denies any harassment or mistreatment of the plaintiff whatsoever. He characterizes their work relationship as "cordial and professional." In her letter to the Board of Ethics, dated June 20, 1996, the plaintiff describes her relationship with Francis as initially favorable, but later "tense" and "uncomfortable." She accused Francis of engaging in a "personal vendetta" against her. Not one instance of abuse, misconduct or ill-treatment is mentioned in her letter. Vague and general references to ill will are insufficient to contradict Francis' denial of abuse and unreasonable conduct.
To make out a cause of action for negligent infliction of emotional distress, the plaintiff must establish that the defendant engaged in conduct involving an unreasonable risk of causing emotional distress, Montinieri v. SNET Co.,175 Conn. 337, 345 (1978). As noted above, there is no evidence that Francis engaged in acts, which carried an unreasonable risk of causing the plaintiff emotional distress.
In addition, negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable or outrageous behavior in the termination process,Parsons v. United Technologies Corp., 243 Conn. 66, 88 (1997). In the present matter, the plaintiff fails to allege such behavior, and the materials submitted are devoid of such evidence.
Summary judgment is granted for the defendants as to this count.
Sferrazza, J.